UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ELENA SAMOILOVA,

Petitioner,

v.

CHRISTOPHER LAROSE, Warden of
Otay Mesa Detention Center,

Respondent.

Case No.:  3:26-cv-1616-CAB-MSB

**ORDER DENYING A WRIT OF
HABEAS CORPUS**

Pending before the Court is Petitioner Elena Samoilova's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  Petitioner argues that her detention by Immigration and Customs Enforcement ("ICE") violates 8 U.S.C. § 1231(a)(6), the Due Process Clause of the Fifth Amendment, and the Administrative Procedure Act.  [*Id.* at 9–16.]  For the following reasons, the Court **DENIES** the petition for a writ of habeas corpus.

## I.    BACKGROUND

Petitioner is a native and citizen of Russia who entered the United States on May 2, 2022 as a nonimmigrant B-2 visitor authorized to remain in the United States until November 1, 2022.  [*Id.* at 2.]  On October 27, 2022, Petitioner filed an Application for

1

Asylum and for Withholding of Removal.  [*Id.*]  Petitioner has resided and worked in the United States since then.  [*Id.*]

On February 19, 2026, Petitioner was detained while delivering a package from Costco to a customer located at Camp Pendleton.  [*Id.*]  According to Respondents, the Department of Homeland Security ("DHS") determined Petitioner was deportable/removable under 8 U.S.C. § 1227(a)(1)(B) due to her visa overstay and so placed Petitioner in removal proceedings under 8 U.S.C. § 1229a.  [Doc. No. 4 at 2.]

According to Respondents, Petitioner is detained under 8 U.S.C. § 1226(a) during her removal proceedings.  [*Id.*]  She received a bond hearing before an immigration judge on March 4, 2026.  [Petition at 3.]  The immigration judge denied bond on the basis of flight risk.  [*Id.*]

## II.    LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  The petitioner bears the burden of demonstrating that she is in illegal custody.  *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.    DISCUSSION

### A.    Jurisdiction

Respondents argue that this Court lacks jurisdiction to review the Petition based on 8 U.S.C. § 1252(g) and § 1252(b)(9).  [Doc. No. 4 at 5–7.]  Because the Petition is aimed at the lawfulness of Petitioner's detention and not the merits or process of her removal itself, neither section bars the Court's jurisdiction.

As the Supreme Court reasoned in *Reno v. Am.-Arab Anti-Discrimination Comm.*, § 1252(g) "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'"  525 U.S. 471, 482 (1999) (emphasis in original); *see also Ibarra-Perez v. United*

2

*States*, 154 F.4th 989, 991 (9th Cir. 2025) ("The Supreme Court has instructed that we should read § 1252(g) narrowly."). Accordingly, § 1252(g) does not bar the "many other decisions or actions that may be part of the deportation process[,]" including the decision "to refuse reconsideration" of the "final order that is the product of the adjudication." *Reno*, 525 U.S. at 482. Moreover, "[i]t is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings." *Id.*

The same is true of § 1252(b)(9). "[C]laims that are independent of or collateral to the removal process do not fall within the scope of § 1252(b)(9)[,]" like those "challenging the legality of detention pursuant to an immigration detainer are independent of the removal process." *Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 810 (9th Cir. 2020) (internal quotation marks omitted).

The Court is thus satisfied of its jurisdiction and proceeds to the merits.

### B.    Merits

The Petition asserts three claims for relief, which the Court addresses in turn below. As an overarching matter, however, the Court notes that the Petition uses a pleading style that relies on generalizations and case law that does not match the actual legal claim.

### 1.    Violation of the Due Process Clause of the Fifth Amendment

Petitioner challenges the deprivation of her liberty without due process. [Petition at 9–11.] The Court is not convinced that Petitioner has demonstrated a liberty interest requiring any more due process protection than Petitioner has already received in the form of a bond hearing under § 1226(a).

At bottom, Petitioner analogizes her situation to habeas cases where petitioners were released from ICE custody because they were detained upon initial entry into the United States, released following a determination they did not pose a danger to the community or a risk of flight, and then re-detained without notice or any change in circumstance warranting revocation of their liberty. *See, e.g.*, *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1154, 1165 (S.D. Cal. 2025) (petitioner paroled into the United States after a determination

that he was not a flight risk or a danger); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1030 (N.D. Cal. 2025) (same); *Alvarenga Matute v. Wofford*, 807 F. Supp. 3d 1120, 1124–25 (E.D. Cal. 2025) (same).

Those cases addressed the due process required for a petitioner who was previously detained and released on parole. That is not the case for this Petitioner, who has never been detained and then released following a decision on her risk of flight or danger to the community. Rather, the initial determination of Petitioner's flight risk and danger to the community occurred during her March 4, 2026 bond hearing. And to the extent Petitioner argues that her work authorization and pending asylum application create a liberty interest in remaining out of custody, Petitioner does not provide authority supporting this assertion. The Court therefore **DENIES** relief based on this claim.

### 2. Violation of 8 U.S.C. § 1231(a)(6)

Petitioner's second claim is styled as a challenge under 8 U.S.C. § 1231(a)(6). [Petition at 11–14.][1] However, § 1231(a)(6) pertains to the detention of noncitizens following a final order of removal. Petitioner is not subject to a final order of removal and so the Court **DENIES** relief based on this claim.

### 3. Violation of the Administrative Procedure Act

Generously construed, Petitioner's third and final claim is that the immigration judge applied the burden of proof incorrectly during Petitioner's bond hearing. [*Id.* at ¶ 53 ("[A]t the evidentiary hearing, the adjudicator must consider alternatives to detention and Petitioner's financial circumstances[.]").] That challenge is properly directed to the Board of Immigration Appeals, not this Court. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) ("[Petitioner] should have exhausted administrative remedies by appealing

---

[1] It appears that Petitioner also includes arguments and case law regarding the constitutionality of Petitioner's detention under this claim. *See, e.g.*, Petition at ¶ 43 (arguing that Petitioner has an interest in remaining at liberty). These arguments repeat those already considered and rejected by the Court in Claim 1. *See, e.g.*, *id.* at ¶ 45 (arguing that a noncitizen's prior release prevents her re-detention).

to the BIA before asking the federal district court to review the IJ's [adverse bond determination].").  The Court **DENIES** relief based on this claim.

## IV.   CONCLUSION

Based on the foregoing, the Petition is **DENIED**.

The Clerk of Court shall close the case.

It is **SO ORDERED**.

Dated: April 21, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge